DICKINSON WRIGHT PLLC
JOHN L. KRIEGER
Nevada Bar No. 6023
Email: jkrieger@dickinson-wright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 550-4400
Fax: (844) 670-6009

FRANKLIN M. SMITH
Michigan Bar No. P76987 (*Pro Hac Vice to be Submitted*)
2600 W. Big Beaver Rd.
Suite 300
Troy, MI 48084
Tel: (248) 433-7393
Fax: (844) 670-6009

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ACCLAIM LIGHTING, INC., a Georgia corporation; <br><br> Plaintiffs, <br><br> vs. <br><br> ROBERT BRUCK, an individual residing in La Crescenta, California; and BRUCK CONCEPTS, D/B/A INNOVATIONS IN LIGHTING, a California corporation, <br><br> Defendants. | **Case Number:** <br><br><br> **COMPLAINT AND DEMAND FOR JURY** |

NOW COMES Plaintiff, by its undersigned counsel, and for its Complaint against Defendants Robert Bruck ("Bruck") and Bruck Concepts, d/b/a Innovations in Lighting ("Bruck Concepts" and collectively "Defendants"), states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1367. Plaintiff's claims are, in part, based on violations of the Lanham Act, as

amended, 15 U.S.C. §§ 1051, et seq. The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

2. This Court has personal jurisdiction over the Defendants because, upon information and belief, they have purposefully availed themselves of the privilege of conducting business in the District of Nevada and Plaintiff's claims arise out of or are related to the Defendants' contact with the State of Nevada.

3. Venue properly lies within the unofficial Southern Division of the District of Nevada pursuant to 28 U.S.C. § 1391.

4. Plaintiff Acclaim Lighting, Inc. is a Georgia domestic profit corporation that is headquartered in the City of Acworth, Cherokee County, Georgia.

5. Upon information and belief, Defendant Robert Bruck is a California citizen who resides in the City of La Crescenta, Los Angeles County, California.

6. Defendant Bruck Concepts d/b/a Innovations in Lighting, is a California corporation that is headquartered in the City of La Crescenta, Los Angeles County, California.

## GENERAL ALLEGATIONS
### Acclaim's Business

7. Founded in or around December 2002, Acclaim is located in Acworth, Georgia where it designs, engineers, and imports decorative lighting fixtures for sale in interstate commerce.

8. Upon information and belief, Defendant Bruck Concepts designs, imports, and sells decorative lighting products in interstate commerce, focusing its business on the hospitality and hotel industry throughout the United States.

9. Since 2003, both Acclaim and Trend Lighting, Inc. ("Trend"), have invested significant amounts of time and money to design, engineer, and perfect its various products, which it sells in interstate commerce to, *inter alia*, the hospitality and hotel industry throughout the United States.[1]

---

[1] Hereafter, all references to Trend shall include Acclaim and vice versa. No references to Trend or Acclaim shall be interpreted to impose any limitation upon any right or claim asserted

2

10. On June 3, 2016, Acclaim purchased all Trend assets, including all intellectual property and goodwill generated in Trend, embodied in the Trend name, and associated with Trend's products ("Acclaim's Trend Products" or "Acclaim Trend Products").

11. Attached as Exhibit A and incorporated herein is an excerpt from Acclaim's Trend Products catalogue depicting Acclaim's Trend Products as well as original product design specifications for same.

12. To distinguish its products from those of its competitors, Plaintiff's lighting products feature designs unique to Plaintiff. Plaintiff's unique designs include, among other things, unique stacked ring lamp bases, unique stacked chain-link lamp bases, unique side-by-side vertical cylinder lamp bases, unique cone-shaped stained-glass lamp bases, as well as distinct dimensions and overall shape. (**Exhibit A**).

13. Through considerable investment, advertising, marketing and sales, the public has come to know and associate Plaintiff as the sole source of lighting products containing the unique designs, dimensions, and overall shapes depicted in Exhibit A.

### Defendant Robert Bruck

14. Defendant Robert Bruck was previously employed by Trend as its Vice President from in or about August 2002 to August 2015.

15. Upon information and belief, during his time with Trend, Mr. Bruck's primary tasks were to sell lighting products to, and develop and maintain business with Trend's hotel, hospitality and commercial accounts throughout the United States.

16. Through his employment with Trend, Mr. Bruck had broad access to, and was trusted with, Trend's confidential, proprietary and trade secret information, including, without limitation, intimate knowledge of the precise designs of Acclaim's Trend Products, the particular and unique suppliers and manufactures of Acclaim's Trend Products, customer lists and customer purchasing needs, Trend's strategic business and marketing plans, detailed product pricing information and financial information, information concerning Trend's business

——————————— (continued)
by Acclaim against Defendants.

3

operation and techniques, as well as all other aspects of its business that have made Trend – and now Acclaim – successful over the past twenty years.

17. Because Mr. Bruck had access to, among other things, detailed information concerning key Acclaim Trend Products, the specifications for such products, and the identity of key Acclaim Trend Products manufacturers, he possesses the ability to reproduce a broad range of Acclaim's Trend Products.

18. Additionally, Mr. Bruck had access to customer information, financial information, pricing information, marketing information, as well as other confidential information necessary to reproduce products identical, or confusingly similar, to Acclaim's Trend Products and to market and sell those confusingly similar products to Trend's – and now Acclaim's – customers.

19. Additionally, Mr. Bruck was a key employee who primarily interfaced with Trend's customers and prospective customers. Trend placed Mr. Bruck in a position of trust and confidence with Trend's customers and provided him with broad access to Trend's confidential business information in order to conduct business on behalf of Trend – now Acclaim.

20. In short, Mr. Bruck had access to all information necessary to duplicate Acclaim's very successful and unique products, and overall business strategy to sell knockoffs to Acclaim's current and future customers and wrongfully compete against Acclaim.

### Robert Bruck forms Bruck Concepts

21. Mr. Bruck ended his employment with Trend in or about the month of August, 2015 and, upon information and belief, began his own company Bruck Concepts, d/b/a Innovations in Lighting ("Bruck Concepts"), providing custom lighting fixtures for hotel lobbies and guestrooms. **(Exhibit B)**.

22. Upon information and belief, as the founder and President of Bruck Concepts, Mr. Bruck specializes, without limitation, in sales, branding, marketing, product development, quality control, and managing the overall day-to-day operations of Bruck Concepts. **(Exhibit B)**.

23. Upon information and belief, Mr. Bruck and Bruck Concepts have represented

4

and continue to represent to the public that Bruck Concepts – as opposed to Plaintiff – is the successor source and supplier of Trend lighting products. (**Exhibit C**).

24. Upon further information and belief, Bruck Concepts uses marketing material on its website and Facebook page featuring Acclaim's Trend Products as well as finished hotel lighting projects that Trend previously completed for various hotel and hospitality customers.

25. Attached as Exhibit D and incorporated herein is an excerpt from Bruck Concepts' product catalogue depicting various products, which upon information and belief, infringe Acclaim's intellectual property rights, as well as photos taken at one of Acclaim's key suppliers depicting Defendants' infringing products fully manufactured and ready for import into the United States.

26. Upon information and belief, after forming Bruck Concepts, Defendants contracted with Hyclass International, Inc. (a key Acclaim/Trend factory) to import lighting products for sale in the United States containing design components that are identical and/or confusingly similar to Acclaim's Trend Products (**Exhibit A** versus **Exhibit D**).

27. Upon information and belief, Defendants sold or offered for sale the infringing products, without limitation, to the Bellagio Hotel in Las Vegas, the Palms Place hotel in Las Vegas, and the CityCenter hotel in Las Vegas. (**Exhibit B**).

28. Upon information and belief, Defendants have sold or attempted to sell the infringing products to current and/or prospective Acclaim customers.

29. In short, upon information and belief, after leaving Trend, Mr. Bruck used Acclaim's confidential, proprietary, and trade secret information to reproduce Acclaim's Trend Products and solicit existing and prospective Acclaim customers all in an effort to develop and distribute identical and/or confusingly similar products and mimic Acclaim's sales and marketing strategy to ultimately steal Acclaim's customers and overall market share.

30. Additionally, upon information and belief, Defendants, without permission or authority from Trend or Acclaim, have infringed upon Trend's – now Acclaim's – trade dress by making, using, promoting, advertising, selling, and/or offering for sale lighting fixtures featuring

5

key design elements that are identical and/or confusingly similar to those created by Trend, all for products directly competitive to Acclaim's Trend Products.

31. A comparison of Plaintiff's unique products and Defendant's products depicted in Exhibit D, demonstrates Defendants' clear attempt to copy Plaintiff's proprietary trade dress and overall design. (**Exhibit A** versus **Exhibit D**).

32. Specifically, Bruck Concepts' products infringe upon Acclaim's Trend Products' trade dress by, among other things, misappropriating the unique stacked rings lamp bases, unique stacked chain-link lamp bases, unique side-by-side cylinder lamp bases, cone-shaped stained-glass lamp bases, as well as Acclaim's Trend Products' unique dimensions and overall shapes.

33. Additionally, Bruck Concepts' product catalogue features nearly identical product numbers as those found in Acclaim's Trend Products catalog (**Exhibit A** versus **Exhibit D**).

34. By copying Acclaim's Trend Products' trade dress and designs, Defendants are attempting to trade off the goodwill that Trend and Acclaim have established over years of designing, manufacturing, importing, marketing, and selling its distinctive trade dress.

35. By offering the accused lighting products for sale, Defendants infringe upon Acclaim's Trend Products' trade dress rights and are likely to cause confusion in the marketplace with Acclaim's Trend Trade Dress as to the source, origin, or sponsorship of its products.

36. Upon information and belief, Defendants knowingly and intentionally copied the trade dress and design of Acclaim's Trend Products in an attempt to take unfair advantage of and trade off the reputation and goodwill of Trend and Acclaim.

37. Neither Trend nor Acclaim have authorized or otherwise approved Defendants' use or misappropriation of Acclaim's Trend Products' trade dress or design.

38. Defendant's actions have, and/or will result in a substantial diversion of trade from Acclaim to Defendants and further exacerbate consumer confusion.

39. In so doing, Mr. Bruck has willfully used and disclosed Acclaim's confidential, proprietary, and trade secret information for his own personal benefit, and/or for the benefit of his company, Bruck Concepts. Mr. Bruck knew that Trend considered and treated such

information as confidential, proprietary and a trade secret, and Mr. Bruck also knew, or should have known, that Trend – now Acclaim – spent significant amounts of money in designing and marketing its products, which Mr. Bruck and Bruck Concepts wrongfully reproduced.

40. Such use and disclosure of Acclaim's confidential, proprietary and trade secret information constitutes a violation of Defendant's obligation to Acclaim under applicable law.

## COUNT I – TRADE DRESS INFRINGEMENT
### (15 U.S.C. § 1125)

41. Acclaim incorporates herein all other allegations of this Complaint.

42. When designing, manufacturing, and advertising its products, Trend – and now Acclaim – adopted a particular dress, design, and combination of features to produce an inherently distinctive visual appearance for the purpose of presenting its works to the public.

43. Defendants have imitated Acclaim's Trend Products' trade dress, appearance, design and combination of features, as they pertain to Acclaim's Trend Products in such a way as to mislead the public into believing that Defendants' products originate with Plaintiff, or that Defendants' products are connected to, affiliated with, or sponsored by Plaintiff.

44. The multiplicity of similarities between Acclaim's Trend Products and advertisements and those produced and sold by Defendants evidences a conscious and willful intent by Defendants to imitate and copy Plaintiff's unique and distinct trade dress and design of Acclaim's Trend Products.

45. Defendants' actions are intended and/or operate to confuse the public.

46. Plaintiff's sale of its own products is prejudiced by Defendants' infringing upon Acclaim's Trend Products' unique and distinct trade dress and overall design of Acclaim's Trend Products.

47. As a direct and proximate result of Defendants' imitation and reproduction of Acclaim's Trend Products' trade dress and designs, Plaintiff has suffered and will continue to suffer irreparable harm, and has been damaged in an amount not readily ascertainable. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to an injunction permanently preventing Defendants from

imitating and reproducing Acclaim's Trend Products' trade dress.

48. Pursuant to 17 U.S.C. § 504, Acclaim is entitled to an award of damages against Defendants.

49. Additionally, as a direct and proximate result of Defendants' conduct, Acclaim has incurred expenses for attorney's fees and costs. Pursuant to 17 U.S.C. § 505, Acclaim is entitled to compensation for its attorney's fees and costs in an amount to be determined by the Court.

## COUNT II – TRADE SECRET MISAPPROPRIATION
### (NEV. REV. STAT. § 600A.010 ET SEQ)

50. Acclaim incorporates herein all other allegations of this Complaint.

51. Acclaim possess various designs, methods, techniques, processes, procedures and other business information that constitutes "trade secrets" within the meaning of Nev. Rev. State § 600A.030(5), ("Acclaim's Trend Trade Secrets").

52. Acclaim's Trend Trade Secrets provide Acclaim with independent economic value and with an advantage over their competitors.

53. Acclaim has taken, and upon information and belief Trend took, reasonable precautions to protect the confidentiality of Acclaim's Trend Trade Secrets within the meaning of Nev. Rev. State § 600A.032, including, without limitation, securing media upon which the trade secrets are maintained, restricting access to such trade secrets, and preventing the disclosure of the trade secrets to third parties and the general public.

54. Upon information and belief, Mr. Bruck, during his employment with Trend, misappropriated Acclaims Trend Trade Secrets through improper means, for his own use and without the authorization of Trend or Acclaim.

55. Upon information and belief, Bruck Concepts has misappropriated Acclaim's Trend Trade Secrets by acquiring those trade secrets from Mr. Bruck, who Bruck Concepts knows or has reason to know, acquired the trade secrets by improper means.

56. Upon information and belief, at the time Defendants acquired Acclaim's Trend

Trade Secrets, they knew that Mr. Bruck had a duty, pursuant to his employment with Trend (now Acclaim), to maintain the secrecy of Acclaim's Trend Trade Secrets and not to disclose such informatio.

57. Acclaim's Trend Trade Secrets derive independent economic value from their secrecy, are not generally known to third parties, are not readily ascertainable by proper means by other persons who might obtain economic value from their disclosure and use, and are subject to reasonable efforts by both Trend and Acclaim to maintain their secrecy.

58. The acts and conduct of Mr. Bruck and Bruck Concepts in misappropriating and encouraging, inducing, and/or causing material misappropriation of the trade secrets are the direct and proximate cause of a devaluation of the trade secrets' market value that would not have otherwise occurred but for the conduct of Defendants.

59. As a result of Defendants' misappropriation of Acclaim's Trend Trade Secrets, Acclaim has suffered irreparable harm, and has been damaged in an amount in excess of $75,000. Pursuant to Nev. Rev. Stat. § 600A.040(1), Acclaim is entitled to a permanent injunction preventing the actual and threatened misappropriation of the trade secrets.

60. Pursuant to Nev. Rev. Stat. § 600A.050(1), Acclaim is entitled to an award of damages against Defendants.

61. Because Defendants' misappropriation was willful, wanton, and in reckless disregard of Trend's (now Acclaim's) rights, pursuant to Nev. Rev. Stat. § 600A.050(2), Acclaim is entitled to an award of exemplary damages in an amount not to exceed twice the amount of damages described in Nev. Rev. Stat. § 600A.050(1).

62. Acclaim is also entitled to an award of attorneys' fees and costs in an amount to be determined at trial pursuant to Nev. Rev. Stat. § 600A.060.

## COUNT III - FALSE ADVERTISEMENT
## (15 U.S.C. § 1125)

63. Acclaim incorporates herein all other allegations of this Complaint.

64. Upon information and belief, Defendants have and continue to disseminate

commercial advertisements that contain false statements of fact regarding their products and/or Acclaim's Trend Products ("Defendants' False Advertisements").

65. Defendants' False Advertisements either deceive or have the tendency to deceive a substantial segment of their audience by portraying Acclaim's Trend Products and Trend's (now Acclaim's) completed client work product as Defendants'.

66. Defendants' deception is material in that it is likely to influence customers' purchasing decisions.

67. Upon information and belief, Defendants caused the false advertisements to enter interstate commerce by, among other things, displaying Defendants' False Advertisements on the Bruck Concepts website and official Facebook page. (**Exhibit E**).

68. As a direct and proximate result of Defendants' False Advertisements, Plaintiff has and will continue to suffer damages, including, without limitation, diversion of sales from Plaintiff to Defendants, and/or a decrease in the goodwill associated with Acclaim's Trend Products.

## COUNT IV – COMMON LAW UNFAIR COMPETITION

69. Acclaim incorporates herein all other allegations of this Complaint.

70. The acts and conduct of Mr. Bruck and Bruck Concepts as alleged in this Complaint constitute unfair competition under Nevada common law. .

71. Defendants' acts and conduct as alleged in this Complaint have damaged and will continue to damage Acclaim's goodwill and reputation and has resulted in losses to Acclaim and illicit gain to Mr. Bruck and Bruck Concepts in an amount that is unknown at the present time.

72. As a direct and proximate result of Defendants' improper actions and unfair competition as set forth herein, Acclaim has suffered and continues to suffer damages and is entitled to recover the damages requested below.

## COUNT V – UNJUST ENRICHMENT

73. Acclaim incorporates herein all other allegations of this Complaint.

74. Upon information and belief, Defendants' acts complained of in this Complaint

10

have conferred a benefit upon Defendants at Plaintiff's expense.

75. Upon information and belief, Defendants have unjustly obtained said benefit at Plaintiff's expense and to Plaintiff's loss and detriment.

76. Upon information and belief, Defendants accept and retain such benefits at Plaintiff's expense, loss, and detriment.

77. Retention of such benefit by Defendants is inequitable.

### COUNT VI – DECEPTIVE TRADE PRACTICES
### (NEV. REV. STAT. § 598.0915 ET SEQ)

78. Acclaim incorporates herein all other allegations of this Complaint.

79. Upon information and belief, Defendants have represented and continue to represent that Mr. Bruck and Bruck Concepts are affiliated, connected to, or in association with Acclaim, or that their products have been or are currently certified by Acclaim.

80. Upon information and belief, Defendants made and make such representations with knowledge that they are false.

81. Defendants' above-described conduct is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendant's products, causing a likelihood of confusion as to Defendants' affiliation, connection or association with Plaintiff, and otherwise damaging the public.

82. Defendants' conduct constitutes unfair and deceptive trade practices in violation of Nev. Rev. Stat. § 598.0915, *et seq.*

83. As a direct and proximate result of Defendants' improper actions and deceptive trade practices as set forth herein, Acclaim has suffered and continues to suffer damages and is entitled to recover the damages requested below.

**WHEREFORE**, Acclaim respectfully requests that this Court grant Acclaim the following relief:

A. Permanently enjoining and restraining Bruck Concepts, its officers, directors, principals, agents, servants, employees, successors and assigns, and all those in

active concert or participation with it from all acts of trade dress infringement, trade secret misappropriation, or any other wrongful conduct alleged in this Complaint;

B. Permanently enjoining and restraining Robert Bruck, his agents, servants, employees, successors and assigns, and all those in active concert or participation with him from all acts of trade dress infringement, trade secret misappropriation, or any other wrongful conduct alleged in this Complaint;

C. Direct that Robert Bruck and Bruck Concepts be required to account for or relinquish to Acclaim all gains, profits, and advantages derived by Robert Bruck and Bruck Concepts through its unlawful conduct complained of in this Complaint;

D. Direct that Defendants pay Acclaim such damages as it has sustained as a consequence of Defendants' wrongful conduct complained of in this Complaint;

E. Direct that Defendants pay Acclaim treble damages pursuant to 15 U.S.C. § 1117 for their deliberate and willful misconduct;

F. Direct that Defendants pay Acclaim an award of punitive damages for their deliberate and willful misconduct;

G. Direct that Defendants destroy all labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession bearing Acclaim's trade dress, and to destroy any reproduction, counterfeit, copy, or colorable imitation of Acclaim's lighting products, and destroy all plates, molds, matrices, and other means of making the same pursuant to 15 U.S.C. § 1118;

H. Direct that Defendants disgorge all of their ill-gotten gains to the extent of their gains, profits, and advantages derived through their unlawful conduct complained of in this Complaint, and impose a constructive trust upon any or all property and money that is in Defendants' possession and control as a result of their wrongful conduct complained of in this Complaint;

I. Direct that Defendants pay Acclaim's costs associated with this action, as well as Acclaim's reasonable attorneys' fees consistent with the Lanham Act, as amended 15 U.S.C. § 1051 et seq, and the Nevada Uniform Trade Secrets Act, Nev. Rev. Stat. § 600A.010 et seq.

J. Award Acclaim such further relief as the Court may deem just and proper.

## JURY DEMAND

Acclaim demands a trial by jury for all issues so triable.

DATED this 17th day of January, 2017.

DICKINSON WRIGHT PLLC

JOHN L. KRIEGER
Nevada Bar No. 6023
Email: jkrieger@dickinson-wright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 550-4400

FRANKLIN M. SMITH
Michigan Bar No: P76987
2600 W. Big Beaver Rd.
Suite 300
Troy, MI 48084
Tel: (248) 433-7393
*Pro Hac Vice to be Submitted*

*Attorneys for Plaintiff*