1
2
3
4
5

DICKINSON WRIGHT PLLC
JOHN L. KRIEGER
Nevada Bar No. 6023
Email:  jkrieger@dickinson-wright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada  89113-2210
Tel:  (702) 550-4400
Fax:  (844) 670-6009

6
7
8
9
10

FRANKLIN M. SMITH
Michigan Bar No. P76987 (Admitted *Pro Hac Vice*)
2600 W. Big Beaver Rd.
Suite 300
Troy, MI  48084
Tel:  (248) 433-7393
Fax:  (844) 670-6009

11

*Attorneys for Plaintiff*

12
13

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

14
15
16
17
18
19
20
21
22
23

ACCLAIM LIGHTING, INC., a Georgia corporation;

                    Plaintiffs,

vs.

ROBERT BRUCK, an individual residing in La Crescenta, California; and BRUCK CONCEPTS, D/B/A INNOVATIONS IN LIGHTING, a California corporation,

                    Defendants.

Case No.: 2:17-cv-00147

**PLAINTIFF'S MOTION TO COMPEL COMPLETE RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

24
25
26
27
28

        Pursuant to Fed. R. Civ. P. 37, Plaintiff Acclaim Lighting Corporation ("Acclaim" or "Plaintiff") hereby moves this Court for an Order compelling Defendants Robert Bruck and Bruck Concepts, d/b/a Innovations In Lighting (collectively "Defendants") to provide complete responses to Plaintiff's First Set of Requests for Production Nos. 2, 3, 4, 5, 7, 10, 11, 13, 14, 15, 16, and 18 (the "Requests for Production"). *See* Declaration of Franklin M. Smith in Support of

Plaintiff's Motion to Compel ("Smith Decl."; **Exhibit 1**), at **Exhibit A**. In light of Defendants' failure to adequately respond to Plaintiff's discovery requests, Plaintiff further moves for an Order modifying the Scheduling Order (ECF No. 24) (the "Scheduling Order") to allow Plaintiff additional time to retain an expert witness following Defendants' supplemental document production.

## FRCP 37(A)(1) CERTIFICATION OF GOOD-FAITH ATTEMPT TO CONFER AND CONFERENCE WITH DEFENDANTS

The undersigned met and conferred with Defendants' counsel on multiple occasions in a good faith effort to obtain complete responses to Plaintiff's Requests for Production without court intervention. Most recently, the undersigned conducted a telephonic meet and confer on January 22, 2018, whereby Plaintiff's counsel outlined Defendants' various discovery deficiencies and Defendants' counsel indicated that he would confer with his clients to determine whether they would provide additional responsive documents. Smith Decl. at ¶ 11. While the parties were able to significantly narrow the number of disputed discovery requests and responses, on January 24, 2018, Defendants' counsel confirmed that Defendants were withholding documents responsive to Plaintiffs' Requests for Production Nos. 2, 3, 4, 5, 7, 10, 11, 13, 14, 15, 16, and 18 and would oppose any motion to compel. Smith Decl. at ¶ 12. Defendants' counsel also confirmed during the parties January 22, 2018 call that Defendants would oppose any attempt to modify the present Scheduling Order. Smith Decl. at ¶ 11.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Over three months ago, Plaintiff served its First Set of Requests for Production of Documents to Plaintiff. These requests were narrowly tailored to Plaintiff's allegations that Defendants misappropriated trade secret information, stole Plaintiff's designs and data, and used Plaintiff's information to unfairly compete against Plaintiff; including, without limitation, by manufacturing, importing, marketing and selling Plaintiff's designs to Plaintiff's customers. Accordingly, Plaintiff sought evidence of Defendants' manufacturing, importation and sale of

Defendants' products that are identical or nearly-identical to Plaintiff's designs. Additionally, Plaintiff sought evidence regarding Defendants' interactions with key third parties responsible for same. Defendants, however, refuse to provide complete responses despite Plaintiff's repeated requests for supplementation; instead, strategically timing their limited responses to hamper Plaintiff's ability to gather evidence prior to the close of discovery. As a consequence, Plaintiff was forced to prepare for and conduct Defendants' depositions without the benefit of reviewing Defendants' full set responsive documents which are central to Plaintiff's claims. Moreover, Defendants have prejudiced Plaintiff's ability to retain an expert witness because, at the time set for expert disclosures, Plaintiff had yet to receive substantive discovery from Defendants for its expert to review.

Accordingly, for the reasons set forth below, Defendants should be compelled to provide supplementary responses to Plaintiff's Requests for Production and the Scheduling Order should be modified to allow additional time to complete discovery and for Plaintiff to retain an expert witness.

## II.     FACTUAL BACKGROUND

On October 18, 2017, Plaintiff served Defendants with Plaintiff's First Set of Interrogatories and Requests for Production of Documents which were primarily directed toward assessing harm caused by Defendants' alleged misappropriation of Plaintiff's trade secrets and the concomitant use and disclosure to unfairly compete against Plaintiff. Primarily, Defendants sought documents and information regarding the importation and sale of certain specific products that are offered for sale by Defendants and are identical or nearly-identical to designs owned by Plaintiff. Further, Plaintiff sought information regarding specific manufacturers, importers and customers, all in an attempt to assess the full extent to which Defendants' tainted products have entered the marketplace.

On September 18, 2017, Defendants provided their Responses and Objections to Plaintiff's discovery requests (the "Responses"). *See* Smith Decl. at **Exhibit B**. In the Responses, Defendants failed to produce a single document; instead demanding that the parties enter a

protective order prior to any document exchange. Furthermore, the Responses repeatedly objected to Plaintiff's definition of Accused Products as vague and ambiguous and overly broad because it included product numbers that were not specifically identified in the Complaint. By Defendants' own admission they have withheld responsive documents based on these objections.

On October 30, 2017 the Court entered the Stipulated Protective Order (ECF No. 28), after which, Defendants agreed to produce what they represented to be a complete set of responsive invoices in order to facilitate early settlement negotiations. Upon further review and investigation, however, Plaintiff determined that Defendants produced a mere fraction of their total responsive invoices despite Plaintiff's targeted request for sales information regarding twenty-five (25) specific product numbers. After discovering same, Plaintiff sought Defendants' stipulation to amend the Scheduling Order so that the parties could continue settlement negotiations and have adequate time to exchange responsive documents in advance of party depositions. Defendants, however, refused and it was not until December 22, 2017 – the Friday before Christmas – that Plaintiff received Defendants document production. Additionally, contrary to the express terms of the Stipulated Protective Order (ECF No. 27), Defendants designated each and every document as "Highly Confidential Information Outside Attorneys' Eyes Only" despite the fact that many documents were available to the public.

Shortly thereafter, the parties conducted a meet and confer, after which Defendants' counsel represented that Defendants might supplement their responses in order to avoid the Court's intervention. After the New Year and only days before party depositions, Defendants' counsel confirmed that Defendants would not produce any additional responsive documents.

Accordingly, Plaintiff now moves to compel Defendants' complete production of documents responsive to the Requests for Production and to amend the current Scheduling Order.

/ / /

/ / /

## III.   ARGUMENT

### A.    Legal Standard

The Federal Rules of Civil Procedure give parties the right to discover "any non-privileged information that is relevant to any party's claim or defense," including any information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Courts have the power to order discovery on matters "relevant to the subject matter involved in the action." *Id.*; *See also Partner Weekly, LLC v. Viable Marketing Corp.*, No. 2:09-cv-2120-PMP-VCF, 2014 WL 1577486, at *2 (D. Nev. Apr. 17, 2014). Discovery under the federal rules is broad and courts liberally construe the scope of discovery. *Partner Weekly*, 2014 WL 1577486, at *2.

The Court may compel discovery pursuant to Rules 37(a)(3) and (4) of the Federal Rules of Civil Procedure, which provide:

> (B) To Compel a discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production or inspection . . . if: (iv) a party ails to produce documents . . . as requested under Rule 34.

*See also Manley v. Zimer*, No. 3: 11-CV-00636-RCJ-WGC, 2013 WL 5592328, at *6 (D. Nev. Oct. 9, 2013). A party resisting discovery bears a heavy burden to demonstrate why discovery should not be permitted. *In re GM Mirage Secs. Litig.*, No. 2:09-CV-1558-GMN-VCF, 2014 WL 6675732, at *3 (D. Nev. Nov. 25, 2014) (granting motion to compel).

Here, Defendants' Reponses to Plaintiff's Requests for Production are incomplete and constitute a failure to respond in light of the broad discovery rules under the Federal Rules of Civil Procedure. This Court should, therefore, compel Defendants to fully respond to Plaintiffs First Set of Requests for Production, to produce any and all documents wrongfully withheld, and the Scheduling Order should be amended to allow additional time for Plaintiff to retain an expert witness.

/ / /

**B.** **Defendants Must Be Compelled to Produce Documents Responsive to Plaintiff's Requests for Production.**

By email dated January 24, 2018, Defendants' counsel confirmed that Defendants are withholding responsive documents that are within their possession, custody, and control. Smith Decl. at ¶ 12. In doing so, Defendants rely on a variety of boilerplate objections which fail to support or otherwise explain why responsive documents need not be produced. More specifically, Defendants assert that they are not required to produce documents related to any products that are not specifically identified in Plaintiff's Complaint. Defendants' objections, however, are untenable and Defendants should be compelled to produce their responsive documents.

**1.** **Disputed Discovery Requests**

The present Motion concerns Plaintiff's Requests for Production Nos. 2. 3. 4. 5. 7, 10, 11, 13, 14, 15, 16 and 18, all of which concern Plaintiff's requests for documents and information related to the design, manufacture, import, and sale of products that are identical, or nearly-identical, to Plaintiff's products.

**i.** **Request for Production No. 2:**

> Produce documents sufficient to show Your complete importation and sales activities with respect to Your Accused Products, including without limitation, documents evidencing: (a) the total number of units of Your Accused Product sold; (b) the total number of units of Your Accused Products received in the United States; (c) the delivery date(s) of units of Your Accused Products, and the total number of units in each such delivery; (d) the total sales of Your Accused Products in dollar value; (e) the locations of each sale of Your Accused Products; and (f) the applicable gross and net profit margins of Your Accused Products.

Smith Decl. at **Exhibit A**, p. 17.

**Defendants' Response:**

> Subject to Defendants' General Objections and Preliminary Statement, Defendants specifically objects to this Request on the following grounds. Defendants object to this Request as vague and ambiguous to the extent that it seeks information about "Accused Products" and the definition of "Accused Products" includes numerous products that were not identified in the Complaint, and

for which Plaintiff has not alleged trade dress rights, including BC4024, BC4023, BC4010, BC3978, BC3501, BC3953, BC3930, BC3928, BC3863, BC3844, BC3978, BC3863, BC3844, BC900-507, BC900-500, BC3776. Defendants further object to this Request as vague and ambiguous to the extent that it seeks information about "Accused Products" and the definition of "Accused Products" includes "any related products." Defendants further object to this Request as vague, ambiguous in seeking "Your complete importation and sales activities with respect to Your Accused Products." Defendants will respond to this Request as to those products specifically accused by Plaintiff in its Complaint. Defendants further object to this Request as being overbroad, unduly burdensome and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit in seeking "documents sufficient to show your complete importation and sales activities with respect to Your Accused Products," and "the locations of each sale of Your Accused Products." Defendants further object to this Request as being overly broad and unduly burdensome in that it is not limited by date.

*Id.* at **Exhibit B**, pp. 5-6.

### ii.    Request for Production No. 3:

Produce documents sufficient to show the complete chain of distribution for you Accused Products, including without limitation, documents evidencing: (1) the manufacture, marketing, distribution, sale, and importation of Your Accused Products into the United States; (2) all shipping containers arriving from China into the United States containing Your Accused Products; (3) the entities involved in the chain of distribution, including the vendors, original equipment manufacturers, original design manufacturers, importers, carriers, distributors, wholesalers, retailers; and (4) the primary contact person at each such entity.

*Id.* at **Exhibit A**, p. 17.

### Defendants' Response:

Subject to Defendants' General Objections and Preliminary Statement, Defendants specifically objects to this Request on the following grounds. Defendants object to this Request as vague and ambiguous to the extent that it seeks information about "Accused

7

Products" and the definition of "Accused Products" includes numerous products that were not identified in the Complaint, and for which Plaintiff has not alleged trade dress rights, including BC4024, BC4023, BC4010, BC3978, BC3836, BC3778, BC3501, BC3953, BC3930, BC3928, CB3863, BC3844, BC3978, BC3863, BC3844, BC900-507, BC900-500, BC3776. Defendants further object to this Request as vague and ambiguous to the extent that it seeks information "Accused Products" and the definition of "Accused Products" includes "any related products." Defendants will respond to this Request as to those products specifically accused by Plaintiff in its Complaint.

Defendants further object to this Request as vague, ambiguous in seeking "Your complete importation and sales activities with respect to Your Accused Products." Defendants will respond to this Request as to those products specifically accused by Plaintiff in its Complaint. Defendants further object to this Request as being overbroad, unduly burdensome and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit in seeking "the complete chain of distribution for you Accused Products, including without limitation, documents evidencing: (1) the manufacture, marketing, distribution, sale, and importation of Your Accused Products into the United States; (2) all shipping containers arriving from China into the United States containing Your Accused Products; (3) the entities involved in the chain of distribution, including the vendors, original equipment manufacturers, original design manufacturers, importers, carriers, distributors, wholesalers, retailers; and (4) the primary contact person at each such entity." Defendants further object to this Request as being overly broad and unduly burdensome in that it is not limited by date.

Defendants further object to this Request to the extent that it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. To the extent that this Request seeks confidential business information, Defendants further object on grounds that a protective order has not been entered into in this case.

The foregoing response is given without prejudice to Defendants' right to produce evidence of any fact that may later be discovered, recalled or made relevant by the proceedings in this case.

*Id.* at **Exhibit B**, pp. 7-8

8

### iii.    Request for Production No. 4:

Identify all documents and communications relating to Your Accused Products being exchanged between you and any entity that fabricated or otherwise contributed to the manufacture or assembly of Your Accused Products, including without limitation any documents related to the design, development, fabrication, production, manufacture, assembly and/or testing of Your Accused Products.

*Id.* at **Exhibit A**, pp. 17-18.

### Defendants' Response:

Subject to Defendants' General Objections and Preliminary Statement, Defendants specifically objects to this Request on the following grounds. Defendants object to this Request as vague and ambiguous to the extent that it seeks information about "Accused Products" and the definition of "Accused Products" includes numerous products that were not identified in the Complaint, and for which Plaintiff has not alleged trade dress rights, including BC4024, BC4023, BC4010, BC3978, BC3836, BC3778, BC3501, BC3953, BC3930, BC3928, CB3863, BC3844, BC3978, BC3863, BC3844, BC900-507, BC900-500, BC3776. Defendants further object to this Request as vague and ambiguous to the extent that it seeks information "Accused Products" and the definition of "Accused Products" includes "any related products." Defendants will respond to this Request as to those products specifically accused by Plaintiff in its Complaint.

Defendants further object to this Request as vague, ambiguous in seeking "Your complete importation and sales activities with respect to Your Accused Products." Defendants will respond to this Request as to those products specifically accused by Plaintiff in its Complaint. Defendants further object to this Request as being overbroad, unduly burdensome and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit in seeking 'identify all documents and communications relating to Your Accused Products being exchanged between you and any entity that fabricated or otherwise contributed to the manufacture or assembly of Your Accused Products." Defendants further object to this Request as being overly broad and unduly burdensome in that it is not limited by date.

Defendants further object to this Request to the extent that it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. To the extent that this Request seeks confidential business information, Defendants further object on grounds that a protective order has not been entered into in this case.

The foregoing response is given without prejudice to Defendants' right to produce evidence of any fact that may later be discovered, recalled or made relevant by the proceedings in this case.

*Id.* at **Exhibit B**, pp. 8-9

### iv.    Request for Production No. 5:

Produce documents evidencing each sale of Your Accused Products.

*Id.* at **Exhibit A**, p. 18.

### Defendants' Response:

Subject to Defendants' General Objections and Preliminary Statement, Defendants specifically objects to this Request on the following grounds. Defendants object to this Request as vague and ambiguous to the extent that it seeks information about "Accused Products" and the definition of "Accused Products" includes numerous products that were not identified in the Complaint, and for which Plaintiff has not alleged trade dress rights, including BC4024, BC4023, BC4010, BC3978, BC3836, BC3778, BC3501, BC3953, BC3930, BC3928, CB3863, BC3844, BC3978, BC3863, BC3844, BC900-507, BC900-500, BC3776. Defendants further object to this Request as vague and ambiguous to the extent that it seeks information "Accused Products" and the definition of "Accused Products" includes "any related products." Defendants will respond to this Request as to those products specifically accused by Plaintiff in its Complaint.

Defendants further object to this Request as being overly broad and unduly burdensome in that it is not limited by date. To the extent that this Request seeks confidential business information, Defendants further object on grounds that a protective order has not been entered into in this case.

Subject to and without waiving any of the foregoing general or special objections, Defendants respond that at a mutually convenient time after entry of a protective order, they will make available for inspection responsive non-privileged documents that

are not subject to the attorney work product doctrine, that are within the proper scope of discovery and that are within Defendants' possession, custody, or control.

The foregoing response is given without prejudice to Defendants' right to produce evidence of any fact that may later be discovered, recalled or made relevant by the proceedings in this case.

*Id.* at **Exhibit B**, p. 10.

### v.    Request for Production No. 7:

Produce all contracts, communications, receipts, invoices, and other documents with, between, or relating to Hyclass International Inc., Dong Guan Real Lighting Co. ltd, and Yi Xin Shade Factory.

*Id.* at **Exhibit A**, p. 18.

### Defendants' Response:

Subject to Defendants' General Objections and Preliminary Statement, Defendants specifically objects to this Request on the following grounds.

Defendants further object to this Request as being overbroad, unduly burdensome and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit in seeking "all contracts, communications, receipts, invoices, and other documents with, between, or relating to Hyclass International Inc., Dong Guan Real Lighting Co. ltd, and Yi Xin Shade Factory" without limit to the products accused in this case. Defendants further object to this Request as being overly broad and unduly burdensome in that it is not limited by date.

To the extent that this Request seeks confidential business information, Defendants further object on grounds that a protective order has not been entered into in this case.

The foregoing response is given without prejudice to Defendants' right to produce evidence of any fact that may later be discovered, recalled or made relevant by the proceedings in this case.

*Id.* at **Exhibit B**, pp. 11-12

/ / /

11

### vi.     Request for Production No. 10:

Produce all contracts, communications, receipts, invoices, and other documents with, between, or relating to Dong Guan City Meredith Lighting.

*Id.* at **Exhibit A**, p. 19.

### Defendants' Response:

Subject to Defendants' General Objections and Preliminary Statement, Defendants specifically objects to this Request on the following grounds.

Defendants further object to this Request as being overbroad, unduly burdensome and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit in seeking "all contracts, communications, receipts, invoices, and other documents with, between, or relating to Dong Guan Real Lighting Co. ltd" without limit to the products accused in this case. Defendants further object to this Request as being overly broad and unduly burdensome in that it is not limited by date.

To the extent that this Request seeks confidential business information, Defendants further object on grounds that a protective order has not been entered into in this case.

The foregoing response is given without prejudice to Defendants' right to produce evidence of any fact that may later be discovered, recalled or made relevant by the proceedings in this case.

*Id.* at **Exhibit B**, p. 14.

### vii.    Request for Production No. 11:

Produce all contracts, communications, receipts, invoices, and other documents with, between, or relating to Union Star Collection.

*Id.* at **Exhibit A**, p. 19.

### Defendants' Response:

Subject to Defendants' General Objections and Preliminary Statement, Defendants specifically objects to this Request on the following grounds.

Defendants further object to this Request as being overbroad, unduly burdensome and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit in seeking "all contracts, communications, receipts, invoices, and other documents with, between, or relating to Union Star Collection" without limit to the products accused in this case. Defendants further object to this Request as being overly broad and unduly burdensome in that it is not limited by date.

To the extent that this Request seeks confidential business information, Defendants further object on grounds that a protective order has not been entered into in this case.

The foregoing response is given without prejudice to Defendants' right to produce evidence of any fact that may later be discovered, recalled or made relevant by the proceedings in this case.

*Id.* at **Exhibit B**, pp. 14-15.

> **viii.    Request for Production No. 13:**

Produce all contracts, communications, receipts, invoices, and other documents with, between, or relating to Gemful Hardware Machining.

*Id.* at **Exhibit A**, p. 19.

> **Defendants' Response:**

Subject to Defendants' General Objections and Preliminary Statement, Defendants specifically objects to this Request on the following grounds.

Defendants further object to this Request as being overbroad, unduly burdensome and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit in seeking "all contracts, communications, receipts, invoices, and other documents with, between, or relating to Gemful Hardware Machining" without limit to the products accused in this case. Defendants further object to this Request as being overly broad and unduly burdensome in that it is not limited by date.

To the extent that this Request seeks confidential business information, Defendants further object on grounds that a protective order has not been entered into in this case.

The foregoing response is given without prejudice to Defendants' right to produce evidence of any fact that may later be discovered, recalled or made relevant by the proceedings in this case.

*Id.* at **Exhibit B**, p. 16.

### ix.   Request for Production No. 14:

Produce all contracts, communications, receipts, invoices, and other documents with, between, or relating to Archtel Co., LTD.

*Id.* at **Exhibit A**, p. 20.

### Defendants' Response:

Subject to Defendants' General Objections and Preliminary Statement, Defendants specifically objects to this Request on the following grounds.

Defendants further object to this Request as being overbroad, unduly burdensome and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit in seeking "all contracts, communications, receipts, invoices, and other documents with, between, or relating to Archtel Co., LTD" without limit to the products accused in this case. Defendants further object to this Request as being overly broad and unduly burdensome in that it is not limited by date.

To the extent that this Request seeks confidential business information, Defendants further object on grounds that a protective order has not been entered into in this case.

The foregoing response is given without prejudice to Defendants' right to produce evidence of any fact that may later be discovered, recalled or made relevant by the proceedings in this case.

*Id.* at **Exhibit B**, pp. 16-17

### x.   Request for Production No. 15:

Produce all documents constituting, evidencing, or relating to any contract or agreement concerning the design, development, testing, production, manufacture, distribution, importation, marketing, and/or sale of Your Accused Products.

*Id.* at **Exhibit A**, p. 20.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Defendants' Response:**

Subject to Defendants' General Objections and Preliminary Statement, Defendants specifically objects to this Request on the following grounds. Defendants object to this Request as vague and ambiguous to the extent that it seeks information about "Accused Products" and the definition of "Accused Products" includes numerous products that were not identified in the Complaint, and for which Plaintiff has not alleged trade dress rights, including BC4024, BC4023, BC4010, BC3978, BC3836, BC3778, BC3501, BC3953, BC3930, BC3928, CB3863, BC3844, BC3978, BC3863, BC3844, BC900-507, BC900-500, BC3776. Defendants further object to this Request as vague and ambiguous to the extent that it seeks information "Accused Products" and the definition of "Accused Products" includes "any related products." Defendants further object to this Request as vague, ambiguous in seeking "Your complete importation and sales activities with respect to Your Accused Products." Defendants will respond to this request as to those products specifically accused by Plaintiff in its Complaint. Defendants further object to this Request as being overbroad, unduly burdensome and disproportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit in seeking all documents "relating to any contract or agreement concerning the design, development, testing, production, manufacture, distribution, importation, marketing, and/or sale of Your Accused Products." Defendants further object to this Request as being overly broad and unduly burdensome in that it is not limited by date.

Defendants further object to this Request to the extent that it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. To the extent that this Request seeks confidential business information, Defendants further object on grounds that a protective order has not been entered into in this case.

Subject to and without waiving any of the foregoing general or special objections, Defendants respond that at a mutually convenient time after entry of a protective order, they will make available for inspection responsive non-privileged documents that are not subject to the attorney work product doctrine, that are within the proper scope of discovery and that are within Defendants' possession, custody, or control which show the design,

development, marketing and sale of the products specifically accused by Plaintiff in its Complaint.

The foregoing response is given without prejudice to Defendants' right to produce evidence of any fact that may later be discovered, recalled or made relevant by the proceedings in this case.

*Id.* at **Exhibit B**, pp. 17-18.

### xi.     Request for Production No. 16:

Produce all documents and communications that relate to revenue earned for or the number of sales of Your Accused Products.

*Id.* at **Exhibit A**, p. 20.

### Defendants' Response:

Subject to Defendants' General Objections and Preliminary Statement, Defendants specifically objects to this Request on the following grounds. Defendants object to this Request as vague and ambiguous to the extent that it seeks information about "Accused Products" and the definition of "Accused Products" includes numerous products that were not identified in the Complaint, and for which Plaintiff has not alleged trade dress rights, including BC4024, BC4023, BC4010, BC3978, BC3836, BC3778, BC3501, BC3953, BC3930, BC3928, CB3863, BC3844, BC3978, BC3863, BC3844, BC900-507, BC900-500, BC3776. Defendants further object to this Request as vague and ambiguous to the extent that it seeks information "Accused Products" and the definition of "Accused Products" includes "any related products." Defendants further object to this Request as being overly broad and unduly burdensome in that it is not limited by date.

Defendants further object to this Request to the extent that it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. To the extent that this Request seeks confidential business information, Defendants further object on grounds that a protective order has not been entered into in this case.

Subject to and without waiving any of the foregoing general or special objections, Defendants respond that at a mutually convenient time after entry of a protective order, they will make available for inspection responsive non-privileged documents that are not subject to the attorney work product doctrine, that are within the proper scope of discovery and that are within Defendants' possession, custody, or control from which the revenue earned for and the number of sales of the products specifically accused by Plaintiff in its Complaint may be determined.

The foregoing response is given without prejudice to Defendants' right to produce evidence of any fact that may later be discovered, recalled or made relevant by the proceedings in this case.

*Id.* at **Exhibit B**, p. 19.

### xii.    Request for Production No. 18:

Produce all documents and communications reflecting, referring to, or relating to research, development and/or design of Your Accused Products.

*Id.* at **Exhibit A**, p. 20.

**Defendants' Response:**

Subject to Defendants' General Objections and Preliminary Statement, Defendants specifically objects to this Request on the following grounds. Defendants object to this Request as vague and ambiguous to the extent that it seeks information about "Accused Products" and the definition of "Accused Products" includes numerous products that were not identified in the Complaint, and for which Plaintiff has not alleged trade dress rights, including BC4024, BC4023, BC4010, BC3978, BC3836, BC3778, BC3501, BC3953, BC3930, BC3928, CB3863, BC3844, BC3978, BC3863, BC3844, BC900-507, BC900-500, BC3776. Defendants further object to this Request as vague and ambiguous to the extent that it seeks information "Accused Products" and the definition of "Accused Products" includes "any related products." Defendants further object to this Request as vague, ambiguous in seeking "Your complete importation and sales activities with respect to Your Accused Products." Defendants will respond to this request as to those products specifically accused by Plaintiff in its Complaint. Defendants further object to this Request as being overly broad and unduly burdensome in that it is not limited by date.

Defendants further object to this Request to the extent that it calls for information protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity. To the extent that this Request seeks confidential business information, Defendants further object on grounds that a protective order has not been entered into in this case.

*Id.* at **Exhibit B**, p. 21-22.

### 2.    Defendants Must Produce Documents Evidencing the Design, Manufacture, Importation, and Sales of the Accused Products.

In Plaintiff's Requests for Production Nos. 2, 3, 4, 5, 15, 16, and 18, Plaintiff sought

information regarding the manufacture, importation, and sale of certain "Accused Products." Plaintiff defined "Accused Products" to specifically include twenty-five (25) of Defendants' products which are identical, or nearly identical, to designs that Mr. Bruck was responsible for selling while he was employed by Trend (now Plaintiff). Defendants, however, refuse to produce responsive documents, resting on their objection that Plaintiff's definition of "Accused Products" is vague and ambiguous and that each requests is overly-broad and unduly burdensome.

First, it is nonsensical for Defendants to claim that the definition of "Accused Products" is either vague or ambiguous. Plaintiff defined its term to include twenty-five specific product numbers associated with Defendants' products. Accordingly, there can be no question regarding what information Plaintiff is seeking in its discovery requests and Defendants' objection should be overruled.

Second, despite Defendants' objection that Plaintiff's discovery requests are "overbroad, unduly burdensome and disproportionate to the needs of the case," Defendants failed to demonstrate or otherwise explain the nature of the burden imposed by complying with Plaintiff's requests. As numerous courts have made clear, a party may not merely raise boilerplate objections and refuse to produce responsive documents. Rather, the party objecting to discovery must affirmatively support its objections. *See In re ATM Fee Antitrust Litig.*, 233 F.R.D. 542, 545 (D. Cal. 2005) ("the litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request."); *Caliper Techs. Cop. V. Molecular Devices Corp.*, 213 F.R.D. 555, 562 (D. Cal. 2003) ("a producing party is obligated to sow, by affidavits or other evidence, the specific nature of the burden imposed."). Moreover, the objecting party "***must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive . . . by submitting affidavits or offering evidence revealing the nature of the burden***." *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 297 (D. Pa. 1980) (emphasis added) (internal citations omitted). *See also Koninklijke Philips*

18

*Electoctronics N.V. v. KXD Technology, Inc.*, No. 2:05-cv-1532-RLH-GWF, 2007 WL 778153, at *4 (D. Nev. March 21, 2007).

Here, Defendants failed to provide any supporting evidence regarding the nature of the burden imposed by producing their responsive documents. Indeed, it is clear that no such burden exists as Mr. Bruck admitted during party depositions that Defendants selectively produced documents based on his subjective determination that only certain product designs were relevant. *See* Smith Decl. at **Exhibit C**, pp. 264-265 (confirming that Defendants did not produce all responsive documents based on Mr. Bruck's personal determination that only certain products "could conceivably [be] consider[ed] to be an infringement on [Trend's] rights."). Further, by email dated January 24, 2018, Defendants' counsel confirmed that, despite Defendants' assertion that they would only produce documents related to the specific products identified in the Complaint, Defendants produced documents evidencing orders "relating to BC4023, BC3974, BC3778, BC3776 and BC3953" – products that were not included in Plaintiff's Complaint. Accordingly, it is clear that producing additional responsive documents imposes no undue burden upon Defendants. Smith Decl. at ¶ 12.

Notwithstanding the foregoing, even if the Court looks beyond Defendants' specious objections, Defendants may not justifiably limit their production to documents related to the products specifically accused in the Complaint. *See William Powell Co. v. Nat'l Indem. Co.*, No. 1:14-CV-00807, 2017 WL 1326504, at *7 (S.D. Ohio Apr. 11, 2017) (refusing to limit discovery to specific asbestos claims identified in the complaint because those claims were only "a representative sample of a larger set of bad faith incidents[.]"). Here, like in *William Powell Co.*, the products identified in Plaintiff's Complaint are merely a representative sample of the greater class of products being sold by Defendants that are substantively identical to Plaintiff's products and that Mr. Bruck was responsible for selling while he was employed by Trend (now Plaintiff). Further, information regarding the manufacture, importation, and sale of each such product is clearly relevant to Plaintiff's claims. Specifically, the withheld documents are necessary for Plaintiff to evaluate the harm caused by Defendants' wrongful conduct because they show (1)

how many knock-off products Defendants made; (2) how many entered the United States; (3) how many were sold; and (4) to whom Defendants sold them.

Accordingly, Defendants should be compelled to produce all non-privileged documents responsive to Plaintiff's Requests for Production Nos. 2, 3, 4, 5, 15, 16, and 18.

### 3. Defendants Should Be Compelled to Produce Documents Related to Key Manufacturers, Importers, and Customers.

In Requests for Production Nos. 7, 10, 11, 13 and 14, Plaintiff seeks information regarding certain key manufacturers, importers, and customers. Specifically, Plaintiff requested "contracts, communications, receipts, [and] invoices" so that Plaintiff can properly identify third parties responsible for bringing Defendants' products in to the United States as well as assess whether and to what extent Defendants have sold their products to Plaintiff's former, current, and prospective customers. Once again, however, Defendants refuse to produce responsive documents, objecting to each request as "overbroad, unduly burdensome and disproportionate to the needs of the case."

Notwithstanding the fact that Defendants refused to explain the nature of the burden associated with producing their responsive documents, Plaintiff agreed to limit each request to invoices and communications related to Defendants' "Accused Products" as defined in the discovery requests. Again, however, Defendants refuse to produce any responsive documents beyond those specifically related to the products identified in the Complaint. The withheld documents will show who is responsible for making and importing Defendants' knock-off products, as well as to whom the Defendants have sold them. Not only will this help Plaintiff assess the overall scope of Defendants' wrongful conduct, it will confirm or refute Plaintiff's allegations that Defendants have sold their knock-off products to Plaintiff's customers.

For the same reasons outlined above, Defendants have failed to support their objections and continue to withhold documents that are relevant to Plaintiff's claims at issue in this matter. Accordingly, Defendants should be compelled to produce all non-privileged documents responsive to Plaintiff's Requests for Production Nos. 7, 10, 11, 13 and 14.

**C.      Plaintiff Is Entitled to Recover its Attorneys' Fees Associated with this Motion.**

Fed. R. Civ. P. 37(a)(5)(A)(ii) permits the Court to order payment of reasonable expenses, including attorney's fees, for a motion to compel responses to interrogatories or document production, unless "the opposing party's non-disclosure, response or objection was substantially justified." The Court may impose sanctions for discovery responses which are evasive. Fed. R. Civ. P. 37(a)(4); *see also Koninklijke Philips Electronics N.V.*, 2007 WL 778153, at *8. As is explained above, Plaintiff's counsel participated in a good faith effort to obtain the disputed discovery without court intervention. Nonetheless, Defendants have continued to stonewall and obstruct Plaintiff's effort to obtain basic, discoverable information. Such obstructionist conduct has required Plaintiff to incur the additional expense of preparing and filing this motion.

Accordingly, should the Court grant Plaintiff's Motion, Plaintiff is entitled to recover its reasonable attorneys' fees and costs incurred in preparing and filing same.

**D.      The Court Should Amend the Scheduling Order to Allow Plaintiff to Retain an Expert Witness and Complete Discovery Prior to the Deadline for Filing Dispositive Motions.**

The Court should amend the scheduling order, allowing Plaintiff to retain an expert and to complete discovery prior to the deadline for filing dispositive motions. Courts routinely find that FRCP 16(b) gives district courts wide latitude in entering scheduling orders. *See, e.g.*, *Slip Track Systems, Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256 (Fed. Cir. 2002); *Burks v Oaklahoma Publishing Co.*, 81 F.3d 975, 978 (10th Cir. 1996). Likewise, once entered, district courts have wide latitude to modify scheduling orders upon a showing of "good cause." FRCP 16(b). Courts interpret "good cause" to mean that the scope of information obtained within the bounds of the scheduling order will not allow the parties to fully litigate the claims in this case and "[s]ince the scheduling order is entered early in the litigation, this standard . . .seems appropriate[.]" *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997).

Here, the Court should amend the scheduling order to allow Plaintiff to retain an expert witness and to file a dispositive motion following Defendants' compelled supplemental responses. On November 10, 2017, the deadline for expert disclosures (ECF No. 24 at ¶ 6), the parties had yet to exchange substantive discovery; instead negotiating the Stipulated Protective Order and actively engaging in early settlement negotiations. Stated simply, at the time proscribed for expert disclosures, Plaintiff could not have retained an expert because Defendants had yet to produce any documents for an expert to review or even for Plaintiff to properly evaluate the subject matter that would require expert analysis. Thus, any expert disclosure would have been limited only to expert credentials and background information. *See Slaven v. Spirit Airlines, Inc.*, No. CIV. A. 08-CV-10705, 2009 WL 3614980, at *2 (E.D. Mich. Oct. 27, 2009) ("Arguably Plaintiff could have produced some of the required report information at the time of disclosing the expert, such as the expert's qualifications and the list of all other cases in which the expert testified, however, ***it would have done little good to either party where the parties only recently received the [discovery material] on which any report, opinion or testimony of the expert is likely to be based***.") (emphasis added).

Accordingly, after receiving Defendants' supplementary document production, Plaintiff should be afforded the opportunity to retain and disclose an expert witness.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order compelling Defendants to provide all non-privileged documents in their possession, custody or control that are responsive to Plaintiff's Requests for Production Nos. 2, 3, 4, 5, 7, 10, 11, 13, 14, 15, 16 and 18 and awarding Plaintiff its reasonable attorneys' fees and costs incurred in preparing and filing this Motion. Further, Plaintiff respectfully requests that the Court amend the current Scheduling Order to extend discovery and to allow Plaintiff to retain and disclose an expert witness.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully Submitted,

DICKINSON WRIGHT PLLC

*/s/ Franklin M. Smith*
FRANKLIN M. SMITH
Michigan Bar No. P76987 (Admitted *Pro Hac Vice*)
Email: fsmith@dickinson-wright.com
2600 W. Big Beaver Rd., Suite 300
Troy, MI  48084
Tel:  (248) 433-7200
Fax:  (844) 670-6009

JOHN L. KRIEGER
Nevada Bar No. 6023
Email:  jkrieger@dickinson-wright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada  89113-2210
Tel:  (702) 550-4400
Fax:  (844) 670-6009

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of February 2018, a true and correct copy of the foregoing was filed and served via the United States District Court's ECF System, which shall send notification of such filing to all counsel of record.

*/s/ Leslie N. Wolfolk*
*An employee at Dickinson Wright PLLC*

BLOOMFIELD 56697-8 2012274v3

23