# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ACCLAIM LIGHTING, INC.,

        Plaintiffs,

vs.

ROBERT BRUCK,

        Defendant.

Case No. 2:17-cv-00147-RFB-GWF

**<u>ORDER</u>**

This matter is before the Court on Defendants' Motion to Seal Exhibits H, I, and J to the Declaration of Robert Bruck in Support of Defendants' Motion for Summary Judgmet (ECF No. 32), filed on February 7, 2018. Also before the Court is Defendants' Motion to Seal Exhibits A and F to the Declaration of Marc Karish in Support of Defendants' Motion for Summary Judgment (ECF No. 33), filed on February 7, 2018.

Defendants request leave to file Exhibits A and F to the declaration of Mark Karish and Exhibits H, I, and J to the declaration of Robert Bruck in support of their motion for summary judgment. The exhibits contain sensitive product and customer information constituting trade secrets. The Ninth Circuit comprehensively examined the presumption of public access to judicial files and records in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). There, the court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery and materials attached to dispositive motions. The *Kamakana* court held that a "good cause" showing is sufficient to seal documents produced during discovery. *Id.* at 1180. However, the *Kamakana* decision also held that a showing of "compelling reasons" is needed to support the secrecy of documents attached to dispositive motions. A showing of "good cause" does not, without more, satisfy

the "compelling reasons" test required to maintain the secrecy of documents attached to dispositive motions. *Id.*

*Kamakana* recognized that "compelling reasons" sufficient to outweigh the public's interests in disclosure and justify sealing records exist when court records may be used to gratify private spite, permit public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (internal quotations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*, *citing*, *Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122, 1136 (9th Cir. 1995). To justify sealing documents attached to dispositive motions, a party is required to present articulable facts identifying the interests favoring continuing secrecy *and* show that these specific interests overcome the presumption of public access by outweighing the public's interests in understanding the judicial process. *Id.* at 1181 (internal citations and quotations omitted). The Court finds that Defendants met their burden and, therefore, grants their request to file Exhibits A and F to the declaration of Mark Karish and Exhibits H, I, and J to the declaration of Robert Bruck in support of their motion for summary judgment under seal. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Seal Exhibits H, I, and J to the Declaration of Robert Bruck in Support of Defendants' Motion for Summary Judgmet (ECF No. 32) is **granted**.

**IT IS FURTHER ORDERED** Defendants' Motion to Seal Exhibits A and F to the Declaration of Marc Karish in Support of Defendants' Motion for Summary Judgment (ECF No. 33) is **granted**.

DATED this 12th day of February, 2018.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge