UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ACCLAIM LIGHTING, INC., <br><br>　　　　　　　Plaintiff, <br>v. <br>ROBERT BRUCK, et al., <br><br>　　　　　　　Defendants. | Case No. 2:17-cv-00147-RFB-GWF <br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to Seal (ECF No. 52), filed on March 7, 2018.

Plaintiff requests leave to file certain exhibits attached to its Response (ECF No. 51) to Defendants' Motion for Summary Judgment under seal. The exhibits are excerpts from deposition transcripts that have been designated as highly confidential information pursuant to the parties' protective order, email exchanges with prospective customers, a severance agreement and general release, and an advertisement. The Ninth Circuit comprehensively examined the presumption of public access to judicial files and records in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). There, the court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery and materials attached to dispositive motions. The *Kamakana* court held that a "good cause" showing is sufficient to seal documents produced during discovery. *Id.* at 1180. However, the *Kamakana* decision also held that a showing of "compelling reasons" is needed to support the secrecy of documents attached to dispositive motions. A showing of "good cause" does not, without more, satisfy the "compelling reasons" test required to maintain the secrecy of documents attached to dispositive motions. *Id.*

*Kamakana* recognized that "compelling reasons" sufficient to outweigh the public's

interests in disclosure and justify sealing records exist when court records may be used to gratify private spite, permit public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (internal quotations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*, *citing*, *Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122, 1136 (9th Cir. 1995). To justify sealing documents attached to dispositive motions, a party is required to present articulable facts identifying the interests favoring continuing secrecy *and* show that these specific interests overcome the presumption of public access by outweighing the public's interests in understanding the judicial process. *Id.* at 1181 (internal citations and quotations omitted). The Court finds that Plaintiff has met its burden and, therefore, grants its request to file the Exhibits 1 through 10 to its Response (ECF No. 51) to Defendants' motion for summary judgment under seal. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Seal (ECF No. 52) is **granted**.

Dated this 12th day of March, 2018.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE